No. 2642.—SUMMERS & BRANNINS *v.* J. Y. and F. V. HOLLINGSWORTH.

The wife can not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the community. C. C. 2412.

The question of the effect of the renunciation of the wife's mortgage can not be examined by the appellate court, if, in answer to the appeal, she fails to ask for the amendment of the judgment in her favor.

APPEAL from the Thirteenth District Court, parish of Tensas. *Hough, J. Farrar & Reeves*, for plaintiffs and appellants. *E. D. Farrar* and *Samuel R. Walker*, for defendants and appellees.

LUDELING, C. J. The plaintiffs sue the defendants, husband and wife, *in solido*, for eight thousand and thirty-five dollars, and for a recognition of their mortgage, executed by defendants to secure the debt. On the twenty-second day of January, 1867, the plaintiffs and the defendants entered into a contract, whereby the plaintiffs agreed to furnish supplies and moneys to cultivate a certain plantation in this State, and the defendants jointly and severally executed three promissory notes, each for $3000, and they gave a mortgage on lands

in this State, a part of which is stated in the act to be community and a part the paraphernal property of the wife; and the wife renounces her legal mortgage on the community property in favor of the plaintiffs.

The only questions presented by the pleadings are, has the wife bound herself for any part of the debt claimed, and is the mortgage given by her on her separate property valid?

The evidence establishes that the debt created was for the benefit of the community, and the Civil Code declares that the wife "can not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage." Art. 2412, 14 An. 169.

The question argued in the brief, relative to the renunciation of the wife's mortgage, can not be examined by us, as the appellee has not, in her answer to the appeal, asked for the amendment of the judgment in her favor.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.

Rehearing refused.